## Catherine Riesen, Appellee, v. Christian Riesen, Appellant.

### Gen. No. 14,511.

1. INSTRUCTIONS—*when errors reverse*.  An error of law in instructions to the jury of such a nature as to constitute a mis-statement of a legal proposition will in cases where the evidence is close or in sharp conflict require a reversal and the awarding of a new trial by the court of review.

2. INSTRUCTIONS—*erroneous as to credibility of testimony of detective*.  The impeaching instruction following is erroneous, in that it exceeds the rule which requires the testimony of a private detective to be received with caution.

"You are instructed that the testimony of a detective may be disregarded by the jury, except when it is corroborated by other and credible testimony."

3. INSTRUCTIONS—*when as to presumption of innocence erroneous*. It is error in an action for divorce to give an instruction telling the jury that in determining the issue of adultery they may take into consideration the presumption of innocence; such instructions are inappropriate in civil causes.

4. DIVORCE—*when estoppel precludes*.  A husband who either procures or connives at the debauching of his wife is thereby estopped from improving his marital condition by securing a divorce the grounds for which were brought about by his own perfidy.

Separate maintenance.  Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.  Heard in this court at the March term, 1908.  Reversed and remanded.  Opinion filed May 20, 1909.

JAMES G. HOOD and EDWARD L. RICHTER, for appellant.

ANTOINETTE FUNK, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a decree of the Superior Court awarding appellee a separate maintenance from her husband, the appellant, and the custody of their children, with allowances for support of appellee and the children of the marriage.

The decree rests upon the verdict of two juries, the cause originally having been tried with a jury before the late Judge Gary, whose mortal career terminated before he was able to dispose of appellant's motion for a new trial.

The cause was tried first before Judge Gary on issues joined in a bill filed by appellee for separate maintenance, to which appellant interposed a cross-bill charging his wife with adultery with one George Benedict. Subsequent to the rendition of the verdict of the jury above referred to, appellant obtained leave to and filed a supplemental cross-bill charging appellee with acts of adultery committed with the above named George Benedict subsequent to the time of the first trial. Appellee filed an answer, denying the adultery charged against her, and the cause proceeded to trial before Judge Dupuy of the Superior Court, with a jury, on the issues joined on said supplemental cross-bill, and the jury returning a verdict exonerating appellee from the adultery charged against her in the supplemental bill, and the court, after overruling appellant's motion for a new trial, entered the decree appealed from. The errors assigned as cause for reversal relate solely to the proceedings in the last trial of the cause before Judge Dupuy. They challenge the correctness of certain instructions and the admissibility of some evidence of the co-respondent, George Benedict.

An examination of the evidence supporting the charge of adultery and the evidence in denial of that charge demonstrates that it is in sharp conflict. To reconcile such conflict was the duty of the jury. Another duty, in this condition of the evidence, rested upon the trial judge, which was, exactness in rulings upon the evidence and accuracy in stating the law governing the facts to the jury. An error of law in instructions to the jury, of such a nature as to constitute a mis-statement of a legal proposition, will, in cases where the evidence is close on a sharp conflict,

require a reversal and the awarding of a new trial by the court of review. Aside from the evidence of the, so-called, detectives, there was the evidence of two witnesses, whose character for verity has not been impeached, which, if credited by the jury, was sufficient to justify their finding that appellee was guilty of the adultery charged against her with Benedict. We do not intend to indicate our opinion, if any we have, as to the probative force of the evidence. That is a matter for the jury, if one is had, upon another trial of the cause; or, in its absence, for the determination of the trial judge. Our only purpose in discussing the evidence at all, being to emphasize the necessity under such circumstances of accuracy in the court's instructions to the jury upon the law of the case. The court gave the jury this instruction:

"You are instructed that the testimony of a detective may be disregarded by the jury, except when it is corroborated by other and credible testimony."

We know of no decision justifying the giving of so drastic an impeaching instruction, and the learned counsel for appellee, while arguing for its correctness, has failed to refer us to any authority sustaining, in our opinion, her contention. In fact the authorities cited by counsel for appellee are quite at variance with her contention. In Blake v. Blake, 70 Ill. 622, the court held that Gleason, the detective, was a competent witness and that his credibility was solely for the jury. In Needham v. People, 98 Ill. 279, the court held that the testimony of detectives and policemen should be received with caution. We do not regard the New York case of Moller v. Moller, 115 N. Y. 466, as justifying the giving of the instruction under discussion. While the New York court did say that the testimony of prostitutes and private detectives was, uncorroborated, insufficient to break the bonds of matrimony, still that is a very different proposition from an instruction which tells the jury to disregard the whole testimony of detectives unless corroborated by

other credible testimony.   Neither does the decision of the Nebraska Supreme Court go to this extreme. Juries are simply cautioned to use greater care in weighing the testimony of detectives and prostitutes than of persons engaged in other callings.   To such effect is Preuit v. People, 5 Neb. 383; Kastner v. State, 58 Neb. 767; Sandage v. State, 61 *ibid.* 242.   The Michigan Supreme Court in People v. Rice, 103 Mich. 350, went no farther than to hold that defendants in a criminal case had a right to cross-examine the detectives to show that they were employed and acting under pay, as affecting their credibility.   And as a general proposition of law it may be stated that the credibility of the testimony of every witness is to be solved by the jury, and it is for them to determine the weight to be accorded to the testimony of any given witness, after taking into consideration all surrounding facts and conditions which may tend to impeach the veracity of the witness.   What these are must necessarily be governed by the facts in each particular case and controlled by the law to be applied in instructions to be given by the presiding judge to the jury.   The evidence that appellant made a proposal to George Benedict to seduce his wife by getting her with child, so that appellant could get a divorce for his wife's adultery, was admissible as evidence tending to defeat his right to a divorce, for it is well settled law that the husband who either procures or connives at the debauching of his wife is thereby estopped from improving his marital condition by securing a divorce, the ground for which was brought about by his own perfidy.

Instruction VIII was justified by the evidence of Benedict, and correctly stated the law governing it. The complaint that instruction ten, which told the jury that before they could find appellee guilty all presumptions of innocence must be overcome by evidence, is erroneous, is well made.   It is too broad. Single acts of adultery are not criminal by the law

of this state; neither is the charge of adultery when made for the purpose of obtaining a divorce a criminal charge. Presumptions of innocence obtain only in criminal cases. In civil cases, to which class the case at bar belongs, the actor must prove his or her case by a clear weight or preponderance of the evidence in order to entitle such actor to prevail. It was incumbent upon appellant, in the first instance, to maintain his charge of adultery by a preponderance of the evidence, and failing so to do, appellee would be entitled to a verdict in her favor which in legal effect would exonerate her from the unwifely but not criminal charge made against her in her husband's accusation of adultery with Benedict.

The solution of the right to the custody of the children of the marriage will depend upon the outcome of the new trial, which we cannot anticipate. The allowance for support of the children and separate maintenance of the wife rests in the sound discretion of the chancellor and will also be controlled by his action upon any verdict which the jury may render, or the conclusions to which the chancellor may arrive should the next trial be had without the intervention of a jury. As to these matters we express no opinion and make no finding.

For the errors of the trial court indicated in this opinion, the decree of the Superior Court is reversed and a new trial awarded conformable to the views here expressed.

*Reversed and remanded.*